Good afternoon, your honors. This is Sun Chen, representing petitioner Yuzi Cui. In this case, petitioner filed an assignment petition pending in the immigration court. Shortly before the scheduled Merrick hearing, petitioner was in Tennessee and was wrongfully detained and she could not return for the hearing. So her then attorney filed a motion to continue the hearing and with also a request to change the venue because at that time she was in Tennessee. This motion was never really adjudicated. Instead, the immigration judge issued an order of removal, which is absentia. Thereafter, petitioner filed two motions to reopen in sequence. And the first motion to reopen, petitioner seeks to ask the immigration court to open the hearing so after she was able to return to Los Angeles. And that motion to reopen was never adjudicated. Later on, petitioner filed a second motion to reopen after she married a U.S. citizen and the U.S. citizen's husband obtained a petition to change her status to permanent resident. The second motion to reopen was denied by the immigration judge on the ground it was untimely. So counsel, I think you skipped over something that's fairly important. Didn't you also attempt to appeal the in absentia removal order to the BIA? Yes, we filed two appeals. I think your honor referred to the first appeal. At that time, because I substituted in as a new counsel, I have no access to the court's record. And the 30 days coming up, so we had to file an appeal. So in our appeal, we basically states that petitioner's motion to continue should not be denied. That's the first appeal. Then later on, when I was able to access the court file, I filed a motion to reopen, which is the first motion to reopen, which was filed on, let me see, July 30, 2014. I thought that was rejected for filing. Pardon me? I thought that was rejected for filing. It wasn't filed. Okay, yeah. I submitted, yeah, your honor, you may be right. I submitted for filing, but the immigration court rejected it because the immigration court said that there's a case pending in BIA. That's when I filed a motion to reopen. Counselor, they rejected it for two reasons, if I recall correctly, right? They rejected it because they said it's the wrong court because you had this appeal pending. But they also rejected it because they needed to file a motion to substitute as counsel, which seems to be something that the IJ requires when somebody like you comes in. It doesn't seem like you did that. Why didn't you do that? I mean, they gave you a form that had that checked. Why didn't you refile it with the motion to substitute as counsel? Actually, the substitution, which we call the order of appearance, was filed when the first motion to reopen was filed. As I understand it, there's two things. There's a notice of appearance, but there's also a motion to substitute as counsel. The IJ apparently requires both of those, and you hadn't filed the motion to substitute as counsel. So they told you that, but then you never filed the motion to substitute as counsel. Based on my understanding, usually the notice of appearance is automatically a substitution because I'm not aware of a form in the immigration court, like the civil court that requires prior counsel's signature. Counsel, I'm looking at... At the form you got back, which is, I think, AR-74. I think that the notice of appearance was page 84. No, but I'm looking at the form that you got back when they dinked your filing, and they have two things checked on there. They don't have checked on there that you didn't file a notice of entry appearance. So they seem to acknowledge that you filed a notice of entry appearance, right? That's not what they're... But they say that there's other counsel in the case, and so if you want to come in either to substitute, you either need to file a motion to substitute, or they tell you what to do on here, but you didn't do that. At that time, my understanding was that the notice of appearance was sufficient, because based on my experience in the immigration court for many years, I never filed a substitution, even though I replaced the prior counsel many times. I don't practice in that court, but all I know is that they gave you something saying that it wasn't sufficient, and it seems to me they told you what you needed to do if you wanted to appear as co-counsel. So even if you didn't want to replace the other counsel, but you just wanted to be co-counsel, they tell you what to do here. It seems to me that if I got that from a court, I would say, okay, well, obviously, I have to do something else, and I would have done that, but it doesn't seem like you did that. Because based on my understanding, there's no procedural manual that requires a motion for substitution. Based on my understanding, the only requirement is filing an appearance. But I... No, if you read counsel, what they say on page 24, they're not saying that you need to file something different. They're saying that you should have filed your entry of appearance differently. It's the E-O-I-R-28, which is that same form, but they're saying because there's already other counsel entered, you needed to do it differently, seems to me what they're saying. But since later on, I never filed a substitution, but in the second motion, judge denied the motion without an issue. So I think that's something which I have no record, I have no authority to go by to a substitution. So I personally believe that that was not a primary issue. The primary issue is the second motion to reopen being denied. Because at that time, I think I did not file any substitution. And the reason judge mentioned this second motion to open, the reason for denying is untimeliness. But I believe there are two parts of a code section that governs. It's all under 1229A, 8 U.S.C. One is B-5, one is C-7. And the B-5 is too recent, the order of removal, which I believe may be applied to the first motion to reopen, but doesn't apply to the second one. The second subsection is the C-7, which governs the general motion to reopen. And which says that the motion must be filed within 90 days after entry of a final order of removal. But in this case, there's no final order of removal. So that's why the second motion was timely. But counsel, why is there no final order? So I understand your argument. I'm just not sure if I agree with it. Because under the first motion, you have 180 days. Would you agree you have 180 days to file? First of all, would you agree that for an inabstantial order, you can't appeal that directly under NRA Gutsman, right? You can't appeal that directly up to the BIA. You have to move to reconsider in the IJ. Is that right? That's correct, yes. And then how long do you have to do that? To do what? You don't have forever to file your motion for reconsideration for the IJ, right? For the inabstantial order. How long do you have? Depending on which ground. If the ground is to seek the decision of the order of removal, that's 180 days. Okay, so as soon as you don't file that within 100, I agree with you. I think it's 180 days. So why is the order not final at the end of that 180 days if you haven't properly filed an order for reconsideration with the IJ? Okay, because first of all, I did attempt to file a motion for reconsideration, which was rejected. And second, there was an order of remand from BIA to remand the first appeal we filed. And the remand constituted a motion to reopen. We cited a few cases on page 16 of the moving paper. But, counsel, it wasn't actually an order of remand if you read it. It's a, what do they call it? They didn't use the word remand. They used the word to return. And if you go and cite to Gutsman, In re Gutsman, and if you read In re Gutsman, In re Gutsman specifically, the judges in the en banc In re Gutsman case, which has been around for almost 20 years at this point, the concurring justices or judges or the concurring BIA members, they wanted to have the rule that you're having, which is everything gets told. But the majority rejected that rule. The situation is after the motion was rejected, I cannot refile because unless the appeal is being returned to immigration court, because the reason for judges' rejection is not diminished until the BIA remand the case back or send the record back. But when the BIA granted our motion to send the case back, we never got any notice that the case was sent back. So until we got notice, we cannot just keep filing motion after motion. The BIA didn't grant, you filed a motion with the BIA to remand your case, correct? Correct. But the BIA didn't say they were granting your motion to remand the case, right? They said that they were returning the case and they cited Gutsman. So I don't know why that would be read to be granting your motion to remand. That's not what they said they were doing. Okay, that may be my terminology. But the reality is the reason the immigration judge rejected the first motion to reopen is because something pending in BIA. So until BIA returns the file. That's not the only reason though, counsel, right? That is one of the reasons. But the other reason was because you said you hadn't filed your notice of appearance form correctly and they asked you to correct and you still had time to do that, but you didn't do that. Yeah, but both reasons constitute the ground for rejection. So even if I fix the second ground, which at this moment I don't really know how to fix it, and still it would be rejected because the case is still pending in BIA. That fact has not been changed. So, counsel, when you got access to the file and saw what had happened, why didn't you move to dismiss the BIA appeal that was pending before filing the motion to reopen with the IJ? Are you talking about second motion? No, the first motion. When you saw that in the summer of 2014 when you filed the first motion to reopen, why didn't you dismiss the appeal? We believe that remand is a better procedure as the BIA to remand the case back to immigration court because the court does not prohibit filing a motion to reopen with BIA, but the preferred forum, based on my understanding, is immigration court. Were you aware of that, counsel? Were you aware of the Enri Gutzman case? I mean, I wasn't aware of it because I'm not an immigration lawyer to tell this case, but Enri Gutzman seems to be very clear about two things, which is you don't get to appeal, you can't immediately appeal, right, to the BIA in absentia, but you did, you appealed anyway, and then the second thing is you don't get tolling if you mistakenly appeal. Were you aware of that case or were you not aware of it? I'm not aware offhand, but the appeal was on a different ground, too, because that time I don't have the entire case file. Appeals based on the judges did not act on the motion to continue, and also there's a lot of case law, like we said in page 16, that a motion to remand is constitution as a motion to reopen as well. So that's under circumstances based on uncertainty, that's the best I can do is to ask the BIA to return the case file to immigration court. So that's what I did at that time. Mr. Chen, can I ask you a question here? Sure. So on the rejection notice that you got back from the immigration court, is that from the clerk's office or what? I'm sorry, I did not get your question. So on the rejection notice of your motion, when you filed on July 30th, you got, Judge Van Dyke has been referring to this rejection notice, it says rejected filing, right? Right, that's correct. Okay, who's responsible for that rejection notice? A clerk at the court or an immigration judge? I cannot tell from the rejection notice. It appears to me maybe it's rejected by the clerk. But again, I cannot tell because I'm not familiar with the inside operation of the immigration court. Do you know what authority the clerk has to reject a motion like this? My practice is it seems the immigration court, the clerk can easily reject on some technical grounds. But I'm asking, where does the clerk get the authority to do that? That I'm not sure, but I think it depends on which clerk we run into. It seems they believe they have a broad power. They can reject many things. I was trying to figure out where that broad power comes from. The motion that you filed, that you submitted, as you just said a few moments ago, also was submitted with a check, is that right? Yes, we had to pay a fee in order to submit the motion, that's correct. And did they take the fee? Yes, the fee was taken. And after they said we can't accept this, did they return the fee to you? No, they did not. They still have the money, right? That's correct. I think the immigration court operates somehow like a state court. The clerk has a broad power to do rejection. Well, I couldn't know. There's a bit of difference between a state court, which is a court of general jurisdiction, has a lot of inherent power and authority. I'm just trying to figure out where the clerk gets this kind of authority to reject a motion of this significance. If I may venture, I believe that rejection was not proper, but again, it's not for me to make that determination. Well, my question is probably more appropriate for the government. I intend to ask the government these questions. But I'm just wondering if you had any views on that. And I was also curious whether or not you got your money back. No, we did not get our money back. Okay. All right. Thank you. Thank you. Do you want to save the rest of your time for rebuttal? Yes, I have one minute left before rebuttal. Okay. Let's hear from the government. Thank you, Your Honor. May it please the court, and Eric Quick on behalf of the respondent. It's important to keep in mind that this case wouldn't exist if instead of filing that board appeal on April 1st of 2014, counsel would have followed the immigration court manual, cited in that rejection notice, and done some sort of co-counsel or substitution of counsel arrangement. Because let's keep in mind, there was another counsel, primary counsel of record, and then filed that motion. Let me ask you this on that. That's just nothing but a technical issue, correct? We have, you know, here at the Court of Appeals, and even when I was a district judge and a state court judge, you always have situations where there's already counsel of record and somebody joins in as co-counsel. And they may not do it precisely the correct way, but it can easily be fixed. Isn't that the case here? When you say technical, I suppose it is a technical in some ways, but in some ways perhaps not. Why isn't it a technical matter? At any point along the way after that motion had been filed, if the I.J. had problems with who was counsel, he could have easily clarified it. This is what you've got to do. Instead, what they do is they reject the motion. I want you to tell me where they get the authority to do that. I am unaware of where the clerk of the immigration court has the authority to reject something at the counter. I don't practice in that court. You know, I looked at the regs. I looked at the manual. I see no authority for them doing this. On page 74, as the clerk rejects it, they do cite the immigration court practice manual, chapter 2.3. And at least as it reads now, that section talks about what is required for some sort of substitution arrangement. Let me ask you this. Is the manual equivalent to a regulation or a statute? Not to my knowledge, Your Honor, no. It even says that it's not. Correct? That is correct. I just don't understand. I really do not understand how the clerk, in a situation like this, has the authority to take the money. They submit the motion. They take the money. They cash the check. And then they say, ah, we have to get rid of this motion. We have to keep in mind, as well, that's one of the two reasons. There's also, as it says, a case at the BIA. There is an appeal at the BIA. There is nothing for this immigration court to do at this point because Well, hold on. If you go to the statute, if you read the statute, just a second. So, not the statute, the regulation. I'm sorry, because this is all by regulation. This is by ACFR section 1003.23. Everybody's right. I don't have any problems with the statute. It says, unless jurisdiction is vested with the Board of Immigration Appeals, an immigration judge may at any time reopen a case in which he or she has rendered a decision. It goes on and talks all about motions to reopen. But the way I read this, it doesn't say that the court doesn't have jurisdiction to take a motion. What it says, as I understand it, is that the IJ can't rule on it. And that's very similar to what we have here in our system. There could be an appeal from the district court from a judgment, even like a preliminary injunction or something like that, and a party could file a document in the district court and ask the district court to do something. But the district court is going to say, I can't do anything with this. The district court isn't going to say, ah, we've got to strike that document. It will remain in the file. And that's what I don't understand here. They just sort of said, oh, it doesn't exist anymore. We're through with it. And I just don't see where they have the authority to do that. As I think Judge Van Dyken pointed out, that there was no effort to refile anything with the immigration court, whether it be a substitution of counsel or any other sort of motion, or to withdraw an appeal at the board. There was still time to do that. The 180-day deadline to file that rescission motion ended on September 2. You know, this is like catch-22, right? You've got to file the motion with the board, with the IJ. You're required to do that. You did it. They say, oh, no, no, no. And then they say, oh, no, no. It's rejected for these various reasons. And then the board transfers it back and says, well, rule on the motion. And then the immigration court says, oh, no, it's too late. Again, if it had been done properly. That does not make any sense to me. Well, if it had been done properly with nothing filed at the board, this may well not have happened, as I pointed out. But that was the problem. And then let's remember that on page 137 we see the board appeal. And it mentions nothing about the in absentia order. It talks only about a motion to change venue, which was never a part of this case. It was never filed. There was a motion to continue, not change the venue. So there was confusion in several fronts here, apparently. So that's what I recall, was that the actual appeal was on a motion to change venue, but there's none in the record. Do we know whether or not there was ever a motion? I'm trying to figure out, was this an appeal from something that never even happened in front of the immigration judge? Or is it just that it's for some reason not in the record? From the record, it would seem that there was no at least written motion filed to change the venue, just a motion to continue. So I think the petitioner's counsel made it sound like he was coming into the case and he immediately filed an appeal. But I'm just trying to figure out what happened here. It sounds like he may have appealed from something that had never happened. That could well be the case. At least from the record, it seems to be. But again, there was no transcript of that hearing from which the in absentia order emerges.  We have only that motion to continue on pages 341 and 342. So when you file an appeal, what happens when you file an appeal to the BIA from an immigrant? Does it divest the IJ of jurisdiction? I'm talking about an ordinary case. That would be my understanding. Not obviously in an absentia order, because we know that's not the right thing to do for that. But in the case where you actually do have a right to appeal and you properly filed the appeal, what does that do in the immigration court? So it's my understanding that then that case is then with the board and it goes through that board procedure of briefing. What happens if you attempt to try to keep litigating something in the immigration court? I can't represent anything to the court. I have not practiced before that court, so I just don't know. So, counsel, I'm looking at the civil rules for district court. And in Rule 5, there's a rule, a provision that says a clerk may not refuse to file a paper solely because it is not in the form provided by these rules or by local rule or practice. So do you know if there's a similar sort of provision for the immigration court? I don't know. I can't represent that to Your Honor now. All right. Fair enough. Okay. Are there other questions, Your Honors? Let me ask, if we were to grant a petition, what would be the relation from the government's perspective? Well, that's an excellent question because there is no motion to rescind that in absentia order ever filed here. The only motion that was ever filed was that one-sentence motion from November of 2016 about an I-130 being granted. So... Well, I thought the July 30, 2014 motion was the attempt to rescind. That's the attempt, but it's never filed, so it's not... Well, we can debate that. They took the money. Why did they take the money if it wasn't filed? That I don't know. I mean, that makes no sense to me. That I don't know. I am curious about that. Counsel, did they take the money, or did you know? Are you saying you know they took the money or not? I'm sorry. Who are you asking? You, Counsel. Oh, I'm sorry. It seems that there's a stamp, I believe, on there that money was received. Whether it was returned, I have no idea. The record doesn't show. I'm sorry. I wanted to ask why I asked Mr. Chin. Yeah. The record gives no indication one way or the other. So, let me ask you this. I mean, assuming that he were to get relief, the petitioner were to get relief before us, isn't it the case that what would have to happen here is we'd have to tell the BIA to remand the case to the Immigration Court to rule on the motion, on the July 30th motion? It would be some sort of an equitable remand. Because there would be nothing in the statute or the regs that would speak to this. So, it would be somehow that the motion that was attempted to be filed would then be filed. Right. It would be deemed filed as of July 30th and then to rule on it. Exactly. It would be some sort of an equitable relief. It's equitable. It's just reflecting what happened. He filed it. It was never ruled on. No, it was never ruled on because it was rejected. Exactly. Right. So, that's a good question. I don't know what the court could order or what that kind of an order would look like. Isn't that what the dissent recommended by the board when they looked at this? They did. They did. She didn't cite any statute or regulation or case. But she just said that's what she would do. Now, the dissent does mention that the board subsequently remanded upon the determination that the in absentia order was with the Immigration Court. But that, as we've discussed here, is not accurate. It was not a remand, but the board just does not, it declares that it can't do anything and it returns the record as it says on page 117. It just says the record is returned. So, it's not a remand. That was kind of an odd ruling, don't you think? I have not seen one like it, but this is an unorthodox case. I mean, in our court, it would be kind of strange for us to say, well, the appeal is improper, but we're going to return this to the district court. It's kind of strange. Usually, we say appeal dismissed. I think the entire case is unusual. And that's why I put in Appendix A. It's a very irregular or complex procedural case, and that's why it's difficult to follow. So, yes, it is an unusual case. Yes. But I think that the five or six reasons articulated by the board and what this review petition involves are relatively simple. And that are entirely correct. For instance, the board states that one motion that is part of the record, the November 2016, doesn't articulate exceptional circumstances beyond her control for missing that initial hearing. It talks about that the immigration judge didn't analyze the July 2014 motion because it was never part of the record. It goes into there is no equitable tolling here because there is no allegation of fraud, deception, error, due diligence, everything that is required. And it talks about that the in absentia order is indeed final. All of those points are correct as our brief articulates. So, that goes back to your honor. It's uncertain what relief is available at this point for petitioner. Let me ask you this. Let's just say that the July 3 motion was properly filed. Yes, your honor. And it's never been ruled on. Okay. Wouldn't they have, you know, shouldn't the petitioner have an opportunity to have that ruled on by the court? If your honors find that, of course. I mean, that doesn't mean they're going to prevail. She may well lose that motion in front of the IJ. But she's never had an opportunity to have that considered. That's exactly right. Because of those two reasons articulated by the court. Okay. Counsel, Judge Pius, can I ask a follow-up question? Sure, go ahead. So, you know, I'm looking at the practice manual. I don't know that this is the version that they had. I don't know that we have a copy of the version. I think this is the current version of the practice manual. But the practice manual does say that improper filings, well, if an application, et cetera, is not properly filed, it's rejected by the immigration court with an explanation for the rejection. Parties are expected to exercise due diligence. Parties wishing to correct the defect and refile after rejection must do so promptly. Is that, it sounds like you don't know whether or not that was the same instruction. I don't. And it's an excellent question. One, for supplemental briefing, if your honor is curious. But I just don't know what it said in 2014. Because it goes on and says the term rejected means the filing is returned to the filing party because it's defective and therefore will not be considered by the immigration judge. Exactly. Exactly. We did not address it because the agency doesn't address the actual contents of the immigration court manual. But, again, it's an interesting question on what it said in 2014. At least we know that in 2014, it's back then as well, had three reasons or manners in which to become counsel, which would be substitution or co-counsel or appearing on behalf of counsel. So it sounds like the questions that Judge Prias is getting at is, I don't know if he thinks that the practice manual somehow is, like, unlawful or ultra vires or something, but that would be interesting. But assuming that the practice manual, I guess if we assume, maybe we need to find out, that the practice manual actually is not unlawful, that they have the right to have a practice manual, just like we have the right to have our civil rules. And assuming that the practice manual they had had this same language, I mean, I think you're on notice that if you don't file a proper filing in this court, it will be rejected. Go ahead. No, counsel certainly had time until September 2 to refile everything properly. It also says that parties are expected to exercise due diligence. So I suppose one might argue from that that even if you file on the day of, even if you file on the day of and it was late but you could somehow correct it or something. But here, I don't, am I right in thinking that he never did try to correct the problems that were noted? Well, it's certainly not in the record. And of course he never did challenge the immigration court manual in any way. Well, let me, just to be clear, I'm not suggesting that the immigration court can't have and shouldn't have a practice manual. It's intended for their lawyers. And we, at our court, we have multiple practice manuals and outlines and everything else that are posted on our public website for the benefit of the lawyers. But the critical question is what is the authority for the court to take the action that it did, for the clerk of the court to do what it did. And I cannot find the source, regulatory or statutory authority to support with the basis for refusing to file a motion. Well, I think it's also, well, counsel as well never challenged the authority to do that. Well, I'm asking because the clerk here, what's at issue here is the clerk rejected that motion. Yes. But I don't know what authority existed in 2014. I cannot point your honor to a specific provision. We looked, I had my clerks look and we couldn't find it. Yeah. I do not know. I guess it would come down to, it seems to me, counsel, I'm confused as to if I was trying to figure out, we'll talk about it later, but is there actual like a statute or something or even a rule on this particular issue or is there just general authority for the entity to essentially create these rules, which they appear to have in their practice manual. If they have that general authority, then that would seem to be the authority. But I guess we could, there's nothing in the briefing about that, right? There isn't because it's never an issue addressed by the agency. We're reviewing the board's decision. Okay. Thank you. Mr. Chen, you had a minute left. Thank you. Yes. Let me just make a very brief comment on that. The first one is I would like to point to the rejection notice, which is on page 74 of the record, and it was checked incorrect filing location. It says the immigration court is not at the time the correct filing location. Our records indicates the Board of Immigration Appeal is the correct filing location. So with that rejection notice, I cannot possibly file any additional other than to ask the Board of Immigration Appeal to vacate. So that was checked because you had an appeal pending, right? You had an appeal pending, and it was an improper appeal that you had pending. So in some sense, like, that sort of falls on you for having filed an improper appeal. But I would not say it was an improper appeal because we appeal the issue on the motion to continue. That's the only time, based on my understanding, that's the issue. So the notice of appeal on the first appeal only mentioned we appeal on the motion, refused to adjudicate the motion to continue. I guess I could ask you what I asked your opposing counsel, which is... Do you know if it divested the immigration court of jurisdiction when there is an appeal to the BIA? Or can you continue to litigate things in the immigration court when you have an appeal pending with the BIA? I'm not sure I know any authorities specifically address that issue. Because I believe that the issues in BIA, the immigration court should not adjudicate. But if the issue is not in the BIA yet, then it's probably with the immigration court's jurisdiction. But again, I have no authority. I cannot answer that question. And also, I would like to point out on the motion to continue filed by my predecessor, on page 341 of the record, and also 346, he did indicate a desire to transfer venue. Even though his motion title did not specifically state it's also a motion to change venue. Because he signed the declaration of petitioner that her new address was in Tennessee, which is on page 346. So that's why that motion to change venue was part of his motion to continue. And my third comment is on the ground to rescind the abstention order. It's both included in the first motion to reopen filed with the immigration court, which was rejected. And also, it was included in the motion for remand filed with the Board of Immigration Appeals. So that establishes legal ground to seek a motion to reopen the hearing to allow the immigration court to adjudicate the merit of the case. Okay. Yeah. Thank you, Your Honor. Thank you. Thank you. Thank you, Counselor. You know, an interesting case. I didn't mean to be hard on you. No, thank you. I just find this frustrating, that's all. So thank you. Thank you, Counselor, for your arguments this afternoon. We appreciate it and imagine you submitted it. Yeah, thank you.
judges: Paez, Gleason, Vandyke